UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

BLAIR ARROYO,                          )
                                       )
        Petitioner,                    )        Civil Action No. 14-CV-124-HRW
                                       )
   v.                                  )
                                       )        **MEMORANDUM OPINION AND**
MICHAEL SEPANEK, *Warden,*             )                   **ORDER**
                                       )
        Respondent.                    )

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Blair Arroyo ("Arroyo") is a federal inmate presently confined at the Federal Correctional Institution-Englewood ("FCI-Englewood") located in Littleton, Colorado. Arroyo was formerly an inmate at the Federal Correctional Institution at Ashland, Kentucky. While there, he filed the present habeas corpus petition, pursuant to 28 U.S.C. § 2241, seeking relief from a prison sentence he alleges was erroneously imposed. [D. E. No. 1] Specifically, Arroyo requests that his conviction and sentence on Count 2 of the indictment be vacated. He has paid the requisite $5.00 filing fee. [D. E. No. 1-2]

The Court reviews the § 2241 petition to determine whether, based on the face of the petition and any exhibits attached thereto, Arroyo is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241

petitions under Rule 1(b)).  *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)*; see also* 28 U.S.C. § 2243.   A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief.  *See* 28 U.S.C. § 2243; *Blevins v. Lamanna* , 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

The Court has reviewed the petition, but determines that Arroyo has not alleged facts as to any of his claims that would entitle him to relief under  § 2241.

## CRIMINAL HISTORY

On December 11, 2008, Arroyo and three co-defendants were indicted in a four-count indictment for violations of the Federal Controlled Substances Act. Arroyo was charged in Counts 1, 3, and 4 of the indictment.  *United States v. Blair Arroyo, et al.*,  No. 08-308 (E.D. La. 2008) [D. E. No. 1 therein] Count 1 charged all defendants with a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Counts 3 and 4 charged Blair with knowingly and intentionally using a communications facility, *viz.*, a telephone, in committing the violations of 21 U.S.C. §§ 841(a)(1) and 846, all in violation of 21 U.S.C. § 843(b).  Subsequently, on January 22, 2009, Blair was indicted in a superseding indictment and charged with three additional counts.  Count 5 charged him with possessing with the intent to distribute quantities of anabolic steroids, a Schedule III controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).   Counts 6 and 7 were

firearms counts, charging Arroyo with the possession of numerous firearms, in furtherance of drug trafficking crimes, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [D. E. No. 32 therein] Additionally, on May 11, 2009, a three-count superseding information was filed against Arroyo. [D. E. No. 53 therein] Count 1 charged that between May 2007 and December 16, 2008, Arroyo conspired with others to distribute and possess with the intent to distribute 500 grams or more of cocaine hydrochloride, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Count 2 charged him with the possession of numerous firearms, in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A), and Count 3 charged that in December of 1999, Arroyo was convicted in Louisiana state court for the distribution and possession with the intent to distribute marijuana, in violation of Louisiana Revised Statute 40:966, a count that was charged pursuant to 21 U.S.C. § 851(a). *Id.*

Prior to trial, Arroyo entered into a Plea Agreement with the United States, agreeing to plead guilty to the three-count superseding information, with the United States agreeing to dismiss the superseding indictment against Arroyo at the time of sentencing. [D.E. No. 54 therein] As part of his plea agreement, Arroyo waived his right to appeal from his conviction and/or his sentence, and he waived his right to contest his conviction and/or sentence in any collateral proceeding,

3

including proceedings brought under 28 U.S.C. §§ 2241 and 2255, on any grounds,
except that he "may bring a post conviction claim if the defendant establishes that
ineffective assistance of counsel directly affected the validity of this waiver of
appeal and collateral challenge rights or the validity of the guilty plea itself." [D. E.
No. 54, Page 2 therein] The Plea Agreement is memorialized in a letter to the
presiding district judge, Judge Mary Ann Vial Lemmon, and is signed by Arroyo,
Arroyo's counsel, and counsel for the United States.[1]

On January 21, 2010, the district court imposed a 120-month prison sentence
on Count 1, and a consecutive, 60-month sentence on Count 2, for a total sentence
of 180 months, and then dismissed all remaining counts against Arroyo. [D. E. No.
132 therein]

Arroyo appealed his conviction, but withdrew his appeal shortly after filing.
[D. E. No. 135, 141 therein] Arroyo did not file a motion in the trial court to
vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.

## CLAIM ASSERTED IN THE § 2241 PETITION

Arroyo challenges his conviction on Count 2 of the superseding information, *viz.*,
the violation of 18 U.S.C. §924(c)(1)(A).  Arroyo acknowledges that he committed

---

[1]The first paragraph of this letter contains the following sentence: "Defendant's undersigned
counsel, Pat Fanning, has reviewed the terms of this agreement and has been advised by the
defendant that the defendant fully understands the terms of this agreement. [D. E. 54, page 1
therein]

a drug trafficking offense, but he claims that he is "actually innocent" of possessing a firearm in furtherance of a drug trafficking crime; therefore, he was unlawfully convicted and sentenced on that offense.  As grounds for his "actual innocence" argument, Arroyo states that he was a gun-collector and lawfully owned firearms, but that all of his firearms, except for one loaded pistol that was locked up in his tool box at his place of employment, Hunter Machining, "were all located and stored in a rental property owned by Arroyo and rented to younger undocumented aliens, and were never around any drugs, drug proceeds, or drug manufacturing materials, nor were any of the firearms used to protect or enforce any drug activity;" [D. E. No. 1, Page ID# 8]

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28

U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted).

In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). In this petition, Arroyo is not challenging the manner in which the BOP is executing his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. Instead, he claims that he is "actually innocent" of an offense to which he pled guilty pursuant to a Plea Agreement he entered into while represented by counsel.

By asserting an "actual innocence" claim in this petition, Arroyo is seeking relief under § 2241 by way of the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for making this claim. A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental

6

defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Arroyo has pointed to no such change in the law. He simply seeks to raise this claim in a § 2241 petition because he now believes that while he legally owned various firearms, and even kept a loaded pistol locked in his tool box at his place of employment, he is not guilty of possessing firearms relative to his drug trafficking offenses. Arroyo is now procedurally barred from raising this claim in a § 2255 motion; however, this reason is insufficient as a matter of law to establish that his remedy under § 2255 is "inadequate or ineffective." "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. Because Arroyo has not established that his § 2255 motion was "inadequate or ineffective to test the legality of his detention," he has failed to

7

demonstrate that he is entitled to proceed under § 2241.  The Court will dismiss his petition.

## CONCLUSION

For the reasons discussed above, it is hereby **ORDERED** as follows:

1.  Petitioner Blair Arroyo's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2.  This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 24th day of February, 2015.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge